13-516-cv
*KF ex rel. CF v. Monroe Woodbury Central School District*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand thirteen.**

PRESENT:

> JOSÉ A. CABRANES,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

------------------------------------------------x

KF and AF, as parents, on behalf of their infant daughter CF,

> *Plaintiffs-Appellants*,

> -v.-                                                                   No. 13-516-cv

MONROE WOODBURY CENTRAL SCHOOL DISTRICT,

> *Defendant-Appellee*,

DAVID BERNSLEY, High School Principal, in his individual and official capacities,

> *Defendant*.

------------------------------------------------x

**FOR PLAINTIFFS-APPELLANTS:**          Mary Jo Whateley, Sussman & Watkins, Goshen, NY.

**FOR DEFENDANT-APPELLEE:**          Mark A. Radi, Adam I. Kleinberg, Sokoloff Stern LLP, Carle Place, NY.

Appeal from the January 17, 2013 judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 17, 2013 judgment of the District Court be **AFFIRMED**.

Plaintiffs KF and AF, on behalf of their minor daughter, CF, appeal the judgment of the District Court dismissing their complaint against defendant Monroe-Woodbury Central School District ("Monroe-Woodbury"). KF and AF claim that Monroe-Woodbury denied CF the benefits of a public education on the basis of sex, in violation of Title IX of the Civil Rights Act of 1964, 20 U.S.C. §§ 1681-88,[1] because it was deliberately indifferent to the harassment to which CF's fellow students subjected her. We review *de novo* the District Court's decision to grant the motion to dismiss under Rule 12(b)(6), accepting all well-pleaded facts in the complaint as true, and drawing all reasonable inferences in favor of the plaintiffs. *See Taveras v. UBS AG*, 708 F.3d 436, 442 (2d Cir. 2013).

The allegations in this case are distressing, and need not be recounted in detail here. It suffices to say that, according to the complaint, during the eighth and ninth grades, CF suffered intense and prolonged teasing—indeed, "bullying"—and on two occasions was sexually assaulted. In each instance, a male student demanded that CF perform a sexual act and touched CF in an inappropriate, unwelcome, and invasive manner. CF did not tell anyone about either encounter, but developed severe anxiety and began harming herself. Attending school soon made CF so anxious that she began receiving two hours of daily tutoring at home in lieu of going to high school with her peers. Approximately eleven months after the second assault occurred, CF attended a thirty-day, intensive (and apparently full-time) treatment program, where she revealed for the first time that she had been sexually molested.

After Monroe-Woodbury learned of what happened to CF, and in response to CF's anxiety about going to school, it recommended that CF attend an out-of-district program. CF found that this program was attended by students with serious disciplinary records and did not feel that it was an appropriate placement. Monroe-Woodbury then provided CF with individual tutoring so that she would not have to return to school, and informed her parents that they could file a grievance with the Monroe-Woodbury's Title IX officers if they were unsatisfied.

CF's parents subsequently filed this suit, claiming that Monroe-Woodbury had violated Title IX because its response to CF's harassment was insufficient. The District Court granted Monroe-Woodbury's subsequent motion to dismiss, on the ground that the allegations in the complaint,

---

[1] The relevant section provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681(a).

2

when accepted as true, failed to demonstrate deliberate indifference by the defendant, as required for the plaintiffs to prevail.

A school district receiving federal funds may, in certain circumstances, be held liable under Title IX for sexual harassment committed by one student against another. *See Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643 (1999). However, to prevail in such an action under Title IX, a plaintiff must prove that the school's "deliberate indifference . . . cause[d him or her] to undergo harassment or ma[d]e [him or her] liable or vulnerable to it." *Id.* at 645 (internal quotation marks omitted). As we recently observed, "a school district's actions are only deliberately indifferent if they were 'clearly unreasonable in light of the known circumstances.'" *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 666 (2d Cir. 2012) (quoting *Davis*, 526 U.S. at 648). Indeed, we explained that "a court must accord sufficient deference to the decisions of school disciplinarians" and that "victims do not have a right to specific remedial measures." *Id.*

We conclude, as the District Court did, that the response of Monroe-Woodbury, as alleged in the complaint, did not, as a matter of law, reflect deliberate indifference. There is no charge here, as there was in *Zeno*, that the school unreasonably delayed its response or failed to prevent future harassment. *See id.* at 669-70. To the contrary, as the District Court observed, Monroe-Woodbury met with CF's parents, offered them alternatives to CF attending high school, and explained that they were entitled to file a grievance if they felt it was appropriate. It is true that Monroe-Woodbury did not take certain additional steps—most notably, placing CF in a high school in another district[2]—requested by KF and AF. However, KF and AF "do not have a right to specific remedial measures." *Id.* at 666. In sum, the allegations demonstrate that whatever response KF and AF might have hoped for, Monroe-Woodbury was not "deliberately indifferent" such that it "cause[d CF] to undergo harassment or [made her] liable or vulnerable to it." *Davis*, 526 U.S. at 645 (internal quotation marks omitted).

Of course, we in no way endorse or ratify Monroe-Woodbury's response. We hope and expect that the school and CF's parents will find a way to guarantee her the full benefits of a high school education. We conclude only that, taking the allegations in the complaint to be true, KF and AF have not sufficiently alleged that Monroe-Woodbury has violated Title IX.

---

[2] We note that Monroe-Woodbury informed CF's parents that it did not have the authority to place CF in a high school in another district. Although CF's parents insist on appeal that CF should have been placed in a school in another district, they have not attempted to make any showing that Monroe-Woodbury had the power to do so.

3

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the January 17, 2013 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court